UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WISLER MARCELUS                            :
5436 85th Avenue                           :
Apt. 202                                   :
New Carrollton, MD 20784,                  :
                                           :
            Plaintiff,                     :
                                           :
v.                                         :       Civil Action No.:_____
                                           :
CORRECTION CORPORATION                     :
OF AMERICA/CORRECTIONAL                    :
TREATMENT FACILITY                         :
1901 E Street, SE                          :
Washington, DC 20003                       :
                                           :
      SERVE:  CT Corporation               :
              Registered Agent             :
              1015 15th St. NW             :
              Suite 1000                   :
              Washington, DC 20005  :
                                           :
      Defendant                            :

**COMPLAINT FOR DISCRIMINATION**

NOW COMES the plaintiff, Wisler Marcelus ("Plaintiff"), and files this Complaint for

discrimination and states as follows:

**INTRODUCTION**

1.   The Plaintiff, Wisler Marcelus, a Black male of Haitian decent, by his attorneys, Sharon

Theodore-Lewis and Richard E. Patrick, and the law firm of Patrick Henry LLP, brings this

action seeking damages against Defendant Correctional Corporation of America/Correctional

Treatment Facility ("CCA/CTF") for committing violations of Title VII of The Civil Rights Act

of 1964, 42 U.S.C. § 2000e, *et seq*. providing for relief against discrimination based on national

origin, harassment, hostile work environment and retaliation, and for violations of the Age Discrimination in Employment Act of 1967 (ADEA).

2.   Plaintiff seeks compensatory and punitive damages to redress the deprivation of rights granted to him by the laws of the United States of America. He also seeks compensatory and punitive damages, attorneys' fees and costs for violations of rights secured under the Constitution of the United States of America.

## II.   JURISDICTION

3.   The jurisdiction of this Court over these parties and this action is invoked under 42 U.S.C. § 2000e, *et seq*. and 28 U.S.C. §§1331 and 1343 (4), this being an action authorized by law to redress the deprivation of a civil right.

## III.  VENUE

4.   Venue is proper with this Court because the cause of action arose in this District.

## IV.  PARTIES

5.   Plaintiff, Wisler Marcelus, who was born on December 26, 1947, is a permanent resident of the United States of America and a resident of Maryland, residing at 5436 85th Avenue, Apt. 202, New Carrollton, Maryland 20784.

6.   CCA/CTF is a Tennessee corporation licensed to do business in the District of Columbia.  At all times, the employees of CCA/CTF mentioned herein were acting within the scope of their employment, and CCA/CTF is responsible for the actions and conduct of those employees.

## V.  ADMINISTRATIVE PROCEDURES

7.      Plaintiff has exhausted all of his administrative procedures as mandated in

Title VII. Plaintiff filed a timely claim with the District of Columbia Office of Human Rights.

The U.S. Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a right to sue

letter, which was received by Plaintiff on January 22, 2007.  A copy of the right to sue letter is

attached hereto as Exhibit A.

## VI.  STATEMENT OF FACTS

8.      CCA/CTF is a corporation hired by the government of the District of Columbia to

manage the correctional treatment facility known as  the "DC Jail."  CCA/CTF hires correctional

officers to oversee, supervise and provide security for the inmates of the "DC Jail."

9.      In or about May 2002, defendant, CCA/CTF, hired plaintiff as a correctional

officer.  Plaintiff was paid an annual salary of $34,000, plus overtime.

10.      During his employment with CCA/CTF, the plaintiff, a Black male of Haitian

decent, was called derogatory names by co-workers and supervisors. These derogatory names

included, "Haiti-Man", "Voodoo Man" and statements that he did not belong there because he

was from Haiti.

11.      Plaintiff made repeated requests to his supervisors and co-workers to stop the

negative and derogatory comments and teasing, but to no avail.

12.  The constant derogatory teasing and harassment created a hostile work environment for

plaintiff.

3

13.     As a result of his national origin, the plaintiff was also subjected to harassment and mental abuse, which affected the terms and conditions of his employment.

14.     On December 25, 2003, plaintiff filed an incident report against a co-worker, a fellow correctional officer, who engaged in a physical altercation with an inmate in the inmate's cell while the cell door was locked.

15.     On August 2, 2004, plaintiff filed an incident report against one of his supervisors, Lieutenant Rich, for requesting that plaintiff inventory the personal property of inmate Moonblatt, who was previously relocated on August 1, 2004 to another location in the "DC Jail."

16.     Pursuant to CCA/CTF policy, the personal property of an inmate must be inventoried at the time the inmate is relocated.  Lieutenant Rich's request to plaintiff was in violation of CCA/CTF's policy.

17.      Plaintiff reported to work on September 3, 2004 at approximately 6:00 a.m. and relieved Correction Officer Victor Aemafule.

18.     At approximately, 6:30am plaintiff checked the door to cell #12 which contained inmate Moonblatt. Plaintiff found the cell door unlocked; however, inmate Moonblatt was still in bed. Plaintiff immediately notified the Shift Supervisor, Isaac Prosise, and for security reasons, requested Shift Supervisor Prosise to send a rover ( a backup correctional officer) to secure the area of cellblock #12.

19.     Plaintiff believed that the cell door # 12 was left open from the previous shift.

20.     On the morning of September 3, 2004, plaintiff was escorting inmate Williams to the showers when inmate Moonblatt let himself out of his cell and was assaulted by inmate Williams. Plaintiff called for help and received the help of another officer to subdue the inmates.

4

21.    The rover that plaintiff previously requested was not sent until 45 minutes after the incident with inmates Williams and Moonblatt had occurred.

22.    Plaintiff filed an incident report, dated September 3, 2004, reporting the incident, the unlocked cellblock #12 door and the altercation between the two inmates.

23.    On September 30, 2004, plaintiff was called into Warden Figuerora's office where Warden Figueroa told him that he was fired; he was ordered to turn in his identification badge and uniform to the personnel office and to leave the facility.

24.    Warden Figuerora accused plaintiff of falsifying information in his September 3rd 2004 incident report regarding the incident between the inmates Williams and Moonblatt. Specifically, Warden Figuerora accused plaintiff of lying about the unlocked cell door and accused plaintiff of letting inmate Moonblatt out of his cell while escorting inmate Williams to recreation in violation of CCA/CTF Policy 10-100.

25.    Plaintiff denied the allegations and denied that he was in violation of CCA/CTF Policy 10-100.

26.    On October 25, 2004, plaintiff received a letter, dated October 12, 2004, from the CCA/CTF Human Resource Manager, informing plaintiff of the termination of his employment, effective October 11, 2004.  The letter also contained grievance forms for plaintiff's convenience.

27.    CCA/CTF did not follow standard company procedure when it terminated plaintiff's employment.

28.    CCA/CTF has an Employee Grievance Procedure in place which allows employees to file a grievance against any management action.

29.    In the case of termination, pursuant to CCA/CTF Employee Grievance Procedure, plaintiff had the option of going through Steps 1, 2 and 3 of the Grievance Procedure or skipping Steps 1 and 2 and proceeding directly to Step 3.  Step 3 of the Grievance Procedure allowed plaintiff the choice of filing a grievance directly with the Divisional Director or Corporate office heading the plaintiff's division within seven (7) days of the date of the action or of discovery of the action. Saturdays and Sundays were not included in the seven (7) days.  Plaintiff  filed his grievance timely, under Employee Grievance Policy 3-6.5(E)on October  25, 2007.

30.    Plaintiff filed a grievance in accordance with CCA/CTF Employee Grievance Procedure but it was incorrectly rejected by defendant as untimely.

30a.    Plaintiff was treated differently from other employees faced with similar disciplinary actions as plaintiff.

31.    Other correctional officers, specifically, Officers Derryl, Brown and McDade, who were all African American males in their 30s,  younger than plaintiff and not of plaintiff's nationality and who were faced with similar disciplinary actions for similar violations were afforded the full grievance procedures, including meeting with the Warden, the Assistant Warden of Operations, with the Supervisor and Human Resources personnel to discuss and resolve their issues. These employees were suspended but not terminated.

32.    Plaintiff was denied the opportunity to meet with the  Warden, the Assistant Warden of Operations, with the Supervisor and Human Resources personnel to discuss the disciplinary action against him.

33.    Plaintiff 's attempt to meet with the Assistant Warden failed when the Assistant Warden cancelled her schedule meeting with plaintiff but did not reschedule.

34.     During the time of plaintiff's employment, he performed his job satisfactorily and according to his employer's expectations.

35.     Under the CCA/CTF's employment rules, plaintiff was expected to work in a hostile-free work environment and be free from abuse and discriminatory conduct; however, CCA/CTF as plaintiff's employer did not secure a discrimination-free environment for the plaintiff.

36.     The plaintiff was singled out for discriminatory treatment as a result of his ethnicity.

37.     Plaintiff's termination resulted from CCA/CTF's retaliatory and discriminatory conduct toward plaintiff.

38.     As a result of CCA/CTF's unlawful acts, the Plaintiff has suffered loss of income, loss of fringe benefits and job security and other losses.

39.     Also as a result of CCA/CTF'S unlawful acts, the plaintiff has suffered humiliation, embarrassment, mental and emotional distress, anguish and loss of self esteem and harm to his personal and business reputation.

40.     The aforesaid acts of the defendant CCA/CTF were done maliciously, willfully and with reckless disregard of the plaintiff's rights.

### VII  STATEMENT OF COUNTS

**COUNT I-  DISCRIMINATION IN VIOLATION OF 42 U.S.C. SECTION 2000e Et Seq.**

41.     Plaintiff re-pleads and re-alleges Paragraphs 1-40 above as if fully set forth, and in addition states that the facts as alleged above constitute discrimination, based on national origin, retaliation, and disparate treatment in violation of 42 U.S.C. 2000e, et seq. which prohibits discrimination on the basis of national origin.  But for his national origin, the plaintiff would not have been subjected to discriminatory conduct or termination.

## COUNT II-  RETALIATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964

42.  Plaintiff re-pleads and re-alleges Paragraphs 1-41 above as if fully set forth and in addition states that the facts as alleged above constitute retaliation in violation of 42 U.S.C.§2000e-3 (a), and that CCA/CTF and its employees retaliated against the plaintiff because he had complained about discrimination and filed incident reports against co-workers and supervisors for on-the-job violations. Defendant CCA/CTF's retaliation against plaintiff included termination of his employment.

## COUNT III-  AGE DISCRIMINATION

43.    Plaintiff re-pleads and re-alleges Paragraphs 1-42 above as if fully set forth, and in addition states that the facts as alleged above constitute discrimination based on age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), which prohibits discrimination on the basis of age. But for his age, the plaintiff would not have been subjected to discriminatory conduct or termination.

## COUNT IV-  BREACH OF CONTRACT

44.    Plaintiff re-pleads and re-alleges Paragraphs 1-43 above as if fully set forth and in addition states that the facts as alleged above constitute breach of contract for the CCA/CTF's 's failure to follow the terms on the contract between CCA/CTF and the National Professional Corrections Employee's Union (NPCEU) regarding termination of an employee.

45.    Among other things, plaintiff was not provided with the minimum three (3) days advance notice before he was terminated.

## VIII.    PRAYER FOR RELIEF

46.    Wherefore, Plaintiff prays for a judgment in his favor and against the defendant, and that  the following relief be awarded to the plaintiff:

a)    Issue a declaratory judgment that defendant's acts, policies and practices complained of herein violated plaintiffs rights as secured by 42 U.S.C. §2000e et seq.

b)    Front pay and back pay and vacation.

c)    On Counts  I and II for discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000c et seq. as amended, compensatory damages in the amount of $300,000; and punitive damages as awarded by the jury.

d)     On Count III for violation of the Age Discrimination  in Employment Act of 1967, punitive damages in the amount of $300,000.

e)    On Count IV for breach of contract, compensatory damages in an amount to be awarded by the jury.

## JURY TRIAL

Plaintiff hereby demands a jury trial on each and every count.

Respectfully submitted,

WISLER MARCELUS

By Counsel

PATRICK HENRY LLP


By:_____/s/_____
       Sharon Theodore-Lewis, D.C. Bar # 452497
       Richard E. Patrick, D.C. Bar #396571
       PATRICK HENRY LLP
       5900 Princess Garden Parkway
       Suite 640
       Lanham, Maryland 20706
       (240) 296-3488-Telephone
       (240) 296-3487-Facsimile
       Counsel for Wisler Marcelus

EEOC Form 161 (3/98)                          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Marcelus Wisler | From: Washington Field Office - 570 |
|---|---|
| 5436 85th Street, Apt. 202 | 1801 L Street, N.W. |
| New Carrollton, MD 20784 | Suite 100 |
| | Washington, DC 20507 |

|  |  |  |
|---|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 10C-2005-00053 | David Gonzalez, State & Local Coordinator | (202) 419-0714 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this Notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Dana R Hutter

Dana Hutter,
Director

January 19, 2007

(Date Mailed)

Enclosure(s)

cc: Christopher Goldson
C.C.A./C.T.F.
1901 E Street, S.E.
Washington, DC 20003

Exhibit "A"

**I (a) PLAINTIFFS** Wisler Marcelus
5436 85th Avenue
New Carrollton, MD 20784
(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** Corrections Corporation of
America; Correctional Treatment Facility
1901 E Street, SE; Serve: CT Corporation Registered
WDC 20003    Agent, 1015 15th St, NW, WDC 20005 Std
COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Sharon Theodore-Lewis
Patrick Henry LLP
5900 Princess Garden Pkwy, Ste 640
Lanham, MD 20706

Case: 1:07-cv-00721
Assigned To : Leon, Richard J.
Assign. Date : 4/20/2007
Description: MARCELUS v. CORRECTION CORP.

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP**
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other) OR** ☐ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ G. *Habeas Corpus/* 2255 | ☒ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII of Civil Rights Act of 1964, 42 USC Sec. 2000e et Seq.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS   □ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☒ YES   □ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   □ YES   ☒ NO   If yes, please complete related case form.

DATE 4/20/07   SIGNATURE OF ATTORNEY OF RECORD   Sharron Theodore-Lewis

JTC

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips or completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\Forms\js-44.wpd