UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Wisler Marcelus,

    *Plaintiff,*

v.

Corrections Corporation of America/Correctional Treatment Facility,

    *Defendant*

Civil Action No. 1:07-cv-00721 (RJL)

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Corrections Corporation of America[1] ("Defendant"), by and through its counsel, and, pursuant to Rules 12 and 15 of the Federal Rules of Civil Procedure, states as follows for its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint"):

**INTRODUCTION**

1.    Defendant admits upon information and belief that Plaintiff is a black male of Haitian decent, and Sharon Theodore-Lewis and Richard E. Patrick, and the law firm of Patrick Henry LLP are representing Plaintiff in this action in which he alleges Defendant committed violations of Title VII of the Civil Rights Act of 1964 and the ADEA. Defendant denies that it has wronged Plaintiff and denies that Plaintiff is entitled to any award of damages from it.

---

[1] Plaintiff incorrectly stated that Defendant's corporate name is Correction Corporation of America. The correct corporate name is CCA of Tennessee, Inc.

1

2. Defendant admits that Plaintiff is seeking compensatory and punitive damages, attorneys' fees and costs. Defendant denies the remainder of the allegations in paragraph 2 of the Complaint. Defendant denies that it has wronged the Plaintiff and denies that Plaintiff is entitled to any award of damages from it.

## II.     JURISDICTION

3. The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent that a response is required, Defendant denies the allegations in paragraph 3 and denies that it has wronged the Plaintiff and that Plaintiff is entitled to any award of damages from it.

## II.     VENUE

4. The allegations contained in paragraph 4 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent that a response is required, Defendant denies the allegations in paragraph 4 as Defendant denies that Plaintiff has a cause of action which arises in this District.

## IV.     PARTIES

5. Defendant admits upon information and belief that Plaintiff was born on December 26, 1947. However, it is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies said allegations.

6. With respect to the allegations contained in paragraph 6 of the Complaint, Defendant admits only that Defendant is a Tennessee corporation licensed to do business in the District of Columbia. The remainder of the allegations contained in paragraph 6 of the Complaint constitute legal conclusions to which no response is required. To the

extent that a response is required, Defendant denies the remainder of the allegations in paragraph 6.

### V.    ADMINISTRATIVE PROCEDURES

7.    With respect to the allegations contained in the second sentence of paragraph 7 of the Complaint, Defendant admits only that the U.S. Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a right to sue letter and a copy of the purported right to sue letter was attached to the Complaint as Exhibit A. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations contained in the second sentence of Paragraph 7 of the Complaint and, therefore, denies said allegations. The remainder of the allegations contained in paragraph 7 of the Complaint constitute legal conclusions to which no response is required.

### VI.    STATEMENT OF FACTS

8.    Defendant denies, as stated, the allegations contained in paragraph 8 of the Complaint. However, Defendant avers that Defendant is a corporation that is contracted by the government of the District of Columbia to manage a correctional facility in Washington, D.C., some people refer to the facility as the "DC Jail," and Defendant hires correctional officers.

9.    Defendant denies, as stated, the allegations contained in paragraph 9 of the Complaint. However, Defendant avers that Plaintiff was hired on May 28, 2002 as a correctional officer. Plaintiff was paid an hourly wage of $ 14.76, and eligible for overtime.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies Plaintiff's allegation of constant derogatory teasing and harassment. The remainder of the allegations contained in paragraph 12 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant denies the remainder of the allegations in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. With respect to the allegations contained in paragraph 15 of the Complaint, Defendant admits only that Plaintiff wrote an incident statement dated August 2, 2004. With respect to the remaining allegations contained in paragraph 15 of the Complaint, Defendant avers that the incident statement speaks for itself, and any allegations contained in paragraph 15 of the Complaint which are contrary to the contents of Plaintiff's incident statement are hereby denied by Defendant.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. With respect to the allegations contained in paragraph 22 of the Complaint, Defendant admits only that Plaintiff wrote an incident statement dated September 3, 2004. With respect to the remaining allegations contained in paragraph 22 of the Complaint, Defendant avers that the incident statement speaks for itself, and any allegations contained in paragraph 22 of the Complaint which are contrary to the contents of Plaintiff's incident statement are hereby denied by Defendant.

23. Defendant admits the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant admits the allegations contained in paragraph 25 of the Complaint.

26. With respect to the allegations contained in paragraph 26 of the Complaint, Defendant admits only that Rhonda Williams, Human Resource Director sent Plaintiff a letter dated October 12, 2004, which had the Grievance Policy enclosed in it. Defendant further avers that the letter incorrectly stated that Plaintiff's termination was effective as of October 11, 2004; Plaintiff's termination was effective as of September

30, 2004. With respect to the remaining allegations contained in paragraph 26 of the Complaint, Defendant avers that the letter speaks for itself, and any allegations contained in paragraph 26 of the Complaint which are contrary to the contents of the letter are hereby denied by Defendant.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in first sentence of paragraph 29 of the Complaint. Defendant denies, as stated, the allegations contained in the second sentence of paragraph 29 of the Complaint. However, Defendant avers that the grievance policy allows terminated employees to grieve the termination by filing a grievance with the corporate Senior Divisional Director, or if a corporate employee, the corporate officer heading the grievant's division within seven days of the termination action. Defendant denies, as stated, the allegations contained in the third sentence of paragraph 29 of the Complaint. However, Defendant avers that Saturdays, Sundays, and holidays are not counted when determining time frames for filing a grievance. Defendant denies the remainder of the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

30a. Defendant denies the allegations contained in paragraph 30a of the Complaint.

31. Defendant admits that officer McDade is a black male in his 30's and younger that Plaintiff. Defendant denies the remainder of the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant admits that CCA provides a hostile-free work environment that is free from abuse and discriminatory conduct. Defendant denies the remainder of the allegations in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

## VII. <u>STATEMENT OF COUNTS</u>

### COUNT 1 – DISCRIMINATION IN VIOLATION OF 42 U.S.C. SECTION 2000e Et Seq.

41.   Defendant repeats and incorporates its responses to paragraphs 1 through 40 as if fully set forth herein. Defendant further denies the allegations in paragraph 41 which state legal conclusions.

### COUNT II – RETALIATION IN VIOLATION OF THE CIVIL RIGHTS OF 1964

42.   Defendant repeats and incorporates its responses to paragraphs 1 through 41 as if fully set forth herein. The allegations contained in paragraph 42 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained paragraph 42 of the Complaint. Defendant further incorporates Defendant's Motion for Partial Dismissal and its Memorandum in Support thereof in response to the allegations in paragraph 42 of the Complaint.

### COUNT III – AGE DISCRIMINATION

43.   Defendant repeats and incorporates its responses to paragraphs 1 through 42 as if fully set forth herein. The allegations contained in paragraph 43 of the Complaint constitute legal conclusions to which no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained paragraph 43 of the Complaint.

## COUNT IV – BREACH OF CONTRACT

44. Defendant repeats and incorporates its responses to paragraphs 1 through 43 as if fully set forth herein. Defendant incorporates Defendant's Motion for Partial Dismissal and its Memorandum in Support thereof in response to the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

## VIII. PRAYER FOR RELIEF

46. Defendant denies that Plaintiff is entitled to judgment against Defendant or any of the damages and/or remedies sought in his Prayer for Relief, including, but not limited to, compensatory damages, punitive or exemplary damages, or any other relief from Defendant.

## JURY TRIAL

No response is required from Defendant to Plaintiff's jury demand.

Defendant specifically denies that it committed any of the allegedly wrongful acts set forth in Plaintiff's Complaint and further denies that Plaintiff is entitled to any award of damages or other relief from Defendant. Each and every allegation set forth in Plaintiff's Complaint which is not specifically admitted herein is expressly denied.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant affirmatively adopts and incorporates into this Answer the defenses and grounds for dismissal set forth in its Motion for Partial Dismissal, concurrently filed with this Court.

2. Plaintiff's Complaint fails to state any claim upon which relief can be granted.

3. Plaintiff's claims are barred, in whole or in part, to the extent they are untimely under the applicable statutes of limitations.

4. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches in that Plaintiff unreasonably delayed in asserting his claims and Defendant has been prejudiced by Plaintiff's delay.

5. This Court lacks jurisdiction over the subject matter of any claim or allegation contained in Plaintiff's Complaint which was not made the subject of a timely-filed administrative charge of discrimination.

6. To the extent Plaintiff is asserting new claims not alleged in his filings with the District of Columbia Office of Human Rights and/or the U.S. Equal Employment Opportunity Commission, such claims are barred, in whole or in part.

7. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to exhaust his administrative remedies and/or to comply with all conditions precedent to the commencement of this action.

8. Any actions taken by Defendant with respect to Plaintiff's employment were done for non-discriminatory, valid, and legitimate reasons, unrelated to Plaintiff's purported membership in any protected group(s).

9. Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Defendant acted in good faith and lawfully.

10. Plaintiff's claims are barred, in whole or in part, because Defendant's actions, at all times, were not willful, malicious or in reckless disregard of Plaintiff's rights and, therefore, Plaintiff is not entitled to punitive damages.

11. Defendant has a policy prohibiting discrimination and a procedure by which employees should inform it of any such complaints. To the extent Plaintiff availed himself of this policy and Defendant took effective remedial action, his claims are barred. Similarly, to the extent Plaintiff failed to avail himself of this policy, Plaintiff's claims are also barred.

12. To the extent that Plaintiff is attempting to assert claims of unlawful retaliation, there is no causal connection between Plaintiff's alleged opposition to unlawful discrimination and/or engagement in alleged protected activity and any purported adverse employment actions taken with respect to Plaintiff.

13. Plaintiff's claims are barred to the extent that his exclusive remedy is provided by the District of Columbia's workers' compensation statute(s).

14. Defendant has not violated any laws with respect to Plaintiff.

15. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

16.  Plaintiff's claims are barred, in whole or in part, to the extent he has failed to mitigate his damages.

17.  Defendant denies that Plaintiff is entitled to any relief requested in his Complaint, including, but not limited to, back pay, front pay, vacation pay, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and/or any other legal or equitable relief.

18.  Plaintiff's claims are barred, in whole or in part, by collateral estoppel and/or res judicata.

19.  Defendant reserves the right to assert further affirmative and other defenses as they become evident through discovery or investigation.

WHEREFORE, having fully answered and responded to Plaintiff's Complaint, Defendant Corrections Corporation of America prays that this Court dismiss Plaintiff's Complaint, render judgment in its favor, award it the costs and attorneys' fees incurred in this matter, and award it such other and further relief as this Court deems just and proper.

Dated: July 18, 2007                            Respectfully submitted,


                                                By: /s/ Alison N. Davis
                                                    Alison N. Davis
                                                    D.C. Bar No. 429700

                                                    FORD & HARRISON LLP
                                                    1300 19th Street, N.W., Suite 700
                                                    Washington, DC 20036
                                                    (202) 719-2000
                                                    (202) 719-2077 (Fax)
                                                    adavis@fordharrison.com

                                                    Attorneys for Defendant Corrections Corporation of America.


### CERTIFICATE OF SERVICE

The undersigned, Alison N. Davis, hereby certifies that she served a copy of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** to the following counsel of record via facsimile and electronic court filing on July 18, 2007:

Sharon Theodore-Lewis
D.C. Bar No. 452497
Richard E. Patrick
D.C. Bar No. 396571
PATRICK HENRY LLP
5900 Princess Garden Parkway
Suite 640
Lanham, Maryland 20706
(240) 296 – 3488 – phone
(240) 296 – 3487 – fax
COUNSEL FOR WISLER MARCELUS

                                                    _____
                                                    Alison N. Davis