UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| WISLER MARCELUS | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : Civil Action No. |
| | :   1:07-cv-00721(RJL) |
| | : |
| CORRECTIONS CORPORATION of AMERICA/ | : |
| CORRECTIONAL TREATMENT FACILITY | : |
| | : |
| Defendant | : |

**OPPOSITION TO DEFENDANT CORRECTION CORPORATION
OF AMERICA S MOTION FOR PARTIAL DISMISSAL**

COMES NOW, the Plaintiff, Wisler Marcelus, by and through his undersigned counsel and files this Opposition against defendant s Correction Corporation of America s ( CCA ) Motion For Partial Dismissal pursuant to Rules 12(b)(1) and (h)(3) and in support of his Opposition states the following:

**Brief Statement of Facts**

Plaintiff was hired as a Corrections Officer with the Defendant on May 28, 2002. At that time plaintiff was provided a handbook for inmates only. Plaintiff was not given and employee hand book; a copy of the collective bargaining agreement (CAB) or inform of his rights thereunder. Throughout his employment, plaintiff, who was born in Hati, was harassed and taunted by his co-workers and supervisors because of his national origin. Plaintiff suffered daily taunts and derogatory remarks about his origin from co-workers and supervisors. Plaintiff complained to his supervisors and asked that the treatment stop. However, the hostile treatment towards plaintiff continued.

On September 30, 2004, plaintiff was fired frm his job by the Warden without prior notice. The firing was alleged to be related to an incident involving two inmates on September 3, 2004, during plaintiff s shift. Plaintiff was escorted of the facilities. Plaintiff was not informed of his rights at that time he was fired, even after he inquired from the Warden regarding those rights. On October 25, 2004, plaintiff received a letter from defendant dated October 12, 2004, informing plaintiff that he was fired effective October 11, 2004, the letter also contained grievance forms. Plaintiff immediately completed and return the grievance forms to defendant, who informed plaintiff that his grievance was rejected because it was untimely filed. Defendant s letter did not inform plaintiff of his right to arbitration following this rejection. Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) and the District of Columbia Office of Human Rights (DCOHR) and received a right to sue letter.

A.   **Plaintiff Timely Reported Retaliation To The EEOC**

Plaintiff timely filed his complaint upon receipt of the final agency action i.e. his right to sue letter. Zografov v. V.A. Medical Ctr. 779 F. 2d 967, 968-69 (4th Cir. 19885) Plaintiff in his interview with an investigator at the EEOC verbally informed the EEOC representative that he believed he was retaliated against for work related incident reports he filed against two co-workers, one of whom was a supervisor on December 25, 2003 and August 2, 2004. He believed that his firing was in retaliation of those reports. Plaintiff informed the EEOC investigator of this and was told it was included in his complaint. That the box for retaliation is not specifically checked on the EEOC complaint is not the sole indicator that plaintiff did not raise this issue. A Title VII claim in federal court must be

like or reasonably related to the allegations of the [EEO] charge and growing out of such allegations. Park v. Howard Univ., 71 F. 3d 904, 907 (D.C. cir 1995). Plaintiff is a native of Hati and English is his second language. Plaintiff believed the investigator s representative that his retaliation claim was reflected in his complaint. Plaintiff informed the EEOC representative that the his firing was orchestrated and that it was an unfair labor practice and unlawful discriminatory practices. Plaintiff should be allowed to sustain his retaliation claim.

### B. Defendant Did Not Inform Plaintiff of His Rights Under the Collective Bargaining Agreement and Defendant Did Not Comply With the Terms of The Collective Bargaining Agreement.

In its argument for dismissal of plaintiff Breach of Contract count, defendant alleges that plaintiff made no allegation in his complaint that he utilized either the greivance or arbitration procedure under the Collective Bargaining Agreement ( CBA ) to challenge his termination is incorrect. Plaintiff filed a timely greivance which was incorrectly rejected as untimely by defendant.

Defendant breached the contract with plaintiff when it failed to inform plaintiff of his rights as an employee. Specifically, plaintiff was never informed by the defendant of his rights under the CAB. Plaintiff was not given a copy of the collective bargaining agreement nor was he informed of his rights at the time of his employment or termination.

Defendant breached the CAB with plaintiff by refusing to grant plaintiff his rights under the CAB. At the time of his firing on September 30, 2004, plaintiff was not properly advised of his rights under the CAB; when plaintiff inquired from the Warden about what rights he had at the time of firing he was told that he would get something in the mail. On

October 25, 2004, plaintiff received greivance forms in the mail along with letter dated October 12, 2004 from defendant informing him of his termination effective October 11, 2004. Plaintiff immediately filed the greivance form which was rejected by defendant, as untimely because he was terminated on  September 30, 2004" despite the October 12, 2004, letter stating that he was terminated effective October 11, 2004. Plaintiff was not informed in the letter rejecting his greivance forms that he had the right to arbitrate the decision.[1]

### C. Correct Party Named To The Lawsuit

In response to defendant s allegation that the correct party to this lawsuit is CCA, Tennesse, plaintiff request leave to amended the complaint to name CCA, Tennesse as the defendant.

**Conclusion:**

For the reasons stated above, plaintiff respectfully request that the Court deny defendant s Motion for Partial Dismissal of Counts II and IV. However, if the Court is inclined to grant defendant s Motion for Partial Dismissal, plaintiff request that he be given the opportunity to amend his complaint.

---

[1] Plaintiff completed and filed the greivance forms timely under Employer Greivance Policy 3-6.5(E).

Respectfully submitted,
WISLER MARCELUS,

ByBy By Counsel_____/s/_____

Sharon Theodore-Lewis, Fed Bar 454297
Richard R Patrick

PATRICKPATRICK PATRICK HENRYPATRICK HENRY PATRICK
5900 Princess Garden Parkway
Suite 640
Lanham,Lanham, Lanham, MarylandLanham, Maryland Lanham, M
(240) 296-3488-Telephone
(240) 296-3487-Facsimile
Counsel for Wisler Marcelus

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Opposition To Defendant s Motion for Partial Dismissal was sent to the following counsel of record via electronic court filing on August 1, 2007:

Alison N. Davis
DC Bar# 429700
FORD & HARRISON LLP
1300 19th Street, NW., Suite 700
Washington, DC 20036

_____

Sharon Theodore-Lewis

Case 1:07-cv-00721-RJL     Document 9     Filed 08/02/2007     Page 6 of 7

Sharon Theodore-Lewis

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| WISLER MARCELUS : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | 1:07-cv-00721(RJL) |
| : | |
| CORRECTIONS CORPORATION of AMERICA/ : | |
| CORRECTIONAL TREATMENT FACILITY : | |
| : | |
| Defendant | |

**ORDER**

Upon consideration of defendant's Motion for Partial Dismissal of Counts II and IV of the Complaint and plaintiff's Opposition thereto, it is this _____ day of _____, 2007, hereby

ORDERED that defendant's Motion for Partial Dismissal is DENIED; and it is further

ORDERED that plaintiff may amend his complaint to reflect CCA, Tennessee as the defendant; and it is further

ORDERED that _____
_____
_____

_____
United States District Court Judge