UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Wisler Marcelus,

    *Plaintiff,*

v.

Corrections Corporation of America/Correctional Treatment Facility,

    *Defendant.*

Civil Action No. 1:07-cv-00721 (RJL)

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S REPLY MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Pursuant to Local Civil Rule 7(d), Defendant Corrections Corporation of America ("CCA") states as follows for its reply to Plaintiff Wisler Marcelus' ("Plaintiff's") Opposition to Defendant Corrections Corporation of America's Motion for Partial Dismissal ("Opposition"):

**I.    INTRODUCTION**

On July 18, 2007, CCA filed its Motion for Partial Dismissal, seeking the dismissal of Plaintiff's Title VII retaliation and breach of collective bargaining agreement ("CBA") claims on the ground that this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative and contractual remedies.[1] Plaintiff's Opposition does not refute the ground for dismissal discussed in CCA's Motion for

---

[1] CCA also asked this Court to dismiss Plaintiff's harassment and/or hostile work environment claims, to the extent Plaintiff was asserting such claims. Plaintiff did not respond to CCA's Partial Motion to Dismiss in regard to these claims. Therefore, this Court may treat those arguments as conceded and should dismiss Plaintiff's harassment and hostile work environment claims, if any. *Davis v. District of Columbia*, No. 04-1866, 2007 U.S. Dist. LEXIS 55278, at *36 (D.D.C. Aug. 1, 2007) (granting summary judgment for claims not rebutted).

1

Partial Dismissal, but, instead, provides further support for finding these claims are not viable.

Plaintiff admits in his Opposition that his Equal Employment Opportunity Commission ("EEOC") Charge ("Charge") makes no mention of retaliatory conduct, much less "retaliation." Nevertheless, Plaintiff now asserts in his Opposition that he told the EEOC information regarding a potential retaliation claim but that this information was not included in the Charge. However, Plaintiff fails to cite to any authority that would allow this Court to excuse his requirement to give notice to the EEOC and CCA of this potential retaliation claim. Moreover, even if the EEOC wrongfully omitted the information, Plaintiff's alleged complaints do not relate to statutorily protected activity under Title VII. Plaintiff fails to assert, and cannot assert, that the omitted information related to unlawful discriminatory conduct. In addition, in arguing against the dismissal of his breach of collective bargaining agreement ("CBA") claim, Plaintiff fails to cite to any authority to support his misguided proposition that this Court has jurisdiction over his breach of the CBA claim despite his exclusive arbitral remedy. Instead, Plaintiff makes additional unfounded assertions which clearly relate directly to the CBA. Therefore, CCA's Partial Motion to Dismiss should be granted in its entirety.

**II.   ARGUMENTS**

    **A.   Plaintiff has Failed to Demonstrate that this Court has Subject Matter Jurisdiction Over Either His Retaliation or Breach of Collective Bargaining Agreement Claim.**

When a party challenges the court's jurisdiction over a claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden to prove that there is subject matter jurisdiction by a preponderance of the evidence. *Am. Postal Workers*

*Union v. United States Postal Serv.*, Civil Action No. 06-726 (CKK), 2007 U.S. Dist. LEXIS 48608, *13-14 (D.D.C. July 6, 2007). The courts can consider evidence beyond the allegations of a well-pleaded Complaint without converting a motion to dismiss to a motion for summary judgment. *Id.* (citing *Vanover v. Hantman*, 77 F. Supp.2d 91, 98 (D.D.C. 1999)). Plaintiff nevertheless has failed to provide any admissible evidence to prove that this Court has subject matter jurisdiction over either his retaliation or breach of CBA claim. Rather, Plaintiff simply relies on the conclusory assertions of his attorney without any proof of her personal knowledge of the events alleged. Nonetheless, for the reasons set forth more fully below, even if this Court does not disregard the assertions in Plaintiff's Opposition,[2] Plaintiff still has not shown that he exhausted his administrative and contractual remedies or is excused from doing so.

### 1. Neither the EEOC nor Defendant had notice of Plaintiff's retaliation claim.

In a futile attempt to save his retaliation claim, Plaintiff asserts that he told the EEOC information regarding retaliation and the EEOC did not include this information in the Charge. Document No. 9, Opposition to CCA's Motion for Partial Dismissal ("Opposition") at 2. Even if this Court construes that evidence in Plaintiff's favor, it was not enough to put the EEOC on notice of a potential retaliation claim. As a result, it is no surprise that the EEOC did not check the Retaliation or Other boxes on Plaintiff's Charge.

---

[2] To the extent that Plaintiff asserts facts in his Opposition that were not included in his Complaint, CCA denies those allegations.

To prevail on a retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), a plaintiff must first establish that he was engaged in protected activity. Under section 2000e-3, protected activity is defined as:

(1) opposition to any practice made an unlawful employment practice by 42 U.S.C. §2000e *et seq.*, or

(2) making a charge, testifying, assisting or participating in any manner in an investigation, proceeding, or hearing under 42 U.S.C 2000e *et seq.*

42 U.S.C. 2000e-3(a) (2007).

Not every complaint is statutorily protected activity under Title VII. *Broderick v. Donaldson*, 437 F.3d 1226, 1232 (D.C. Cir. 2006). If the complaint is not related to illegal discrimination, the plaintiff has no protection under Title VII. *Id.* While no 'magic words' are required, the employee must in some way allege unlawful discrimination to put a complaint in the ambit of retaliation, and consequently put the EEOC and employer on notice of possible retaliatory conduct. *Id.*

Plaintiff asserts that he "verbally informed the EEOC representative that he believed he was retaliated against for **work related incident reports** he filed against his co-workers, one of whom was a supervisor on December 25, 2003 and August 2, 2004." Document No. 9, Opposition at 2 (emphasis added). According to Plaintiff's Complaint, the December 25, 2003 report was in regard to a "physical altercation with an inmate in the inmate's cell while the cell door was locked," and the August 2, 2004 report was in reference to one of his supervisors asking him to "inventory the personal property of [an] inmate." Document No. 1, Complaint at ¶¶ 14-15. He further alleges that he told the EEOC that "his firing was orchestrated and that it was an unfair labor practice and

4

unlawful discriminatory practices." Opposition at 3. Finally, he alleges that the EEOC told him that his allegation of retaliatory conduct was included in his Charge. *Id.* at 2.

Plaintiff's contention that his lawsuit should not be limited to his allegations of discrimination based upon national origin and race because the EEOC erred in issuing his Charge is disingenuous. Plaintiff signed the Charge under penalty of perjury that it was true and accurate. Document No. 7, CCA's Memorandum in Support of Its Partial Motion to Dismiss, Attachment A. If the Charge did not accurately state his complaint, Plaintiff should not have signed the Charge or should have amended the Charge to cure any defects. Since Plaintiff did not amend his Charge, he has failed to exhaust his administrative remedies with regard to a retaliation claim. *Scott v. Waste Mgmt.*, No. 5:05cv00059-WRW, 2006 U.S. Dist. LEXIS 62065, *12 (E.D. Ark. Aug. 30, 2006) (citations omitted).

Regardless, by Plaintiff's own admissions, the alleged reports on December 25, 2003 and August 2, 2004 were only in regard to "work related" incidents. He does not allege any facts with regard to those incidents that could be construed as complaining about illegal discrimination. Therefore, even if Plaintiff's alleged statements regarding these reports had been included in the narrative portion of Plaintiff's Charge, they would not have supported a claim of retaliation, and CCA would not have had notice of retaliation. Plaintiff's retaliation Count therefore should be dismissed.

### 2. The Court Should Not Excuse Plaintiff's Failure to Exhaust his Contractual Remedies.

Plaintiff has presented no fact that would justify the Court excusing his failure to exhaust his contractual remedies. Courts have identified three circumstances that would warrant an employee's non-exhaustion of internal remedies under a CBA: (1) employer

repudiation of the remedial processes; (2) the union's arbitrary refusal to process a grievance, or its perfunctory handling of one; and (3) futility. *Glass v. United Tel. Answering and Communication Serv. Union*, No. 81 Civ. 0721 (RLC), 1981 U.S. Dist. LEXIS 15367, *5 (S.D.N.Y. October 28, 1981) (citing *Vaca v. Sipes*, 386 U.S. 171, 185-86 (1967) (involving repudiation and union unfairness); *Glover v. St. Louis-San Francisco Ry. Co.*, 393 U.S. 324, 329 (1969) (discussing futility); *Smith v. Pittsburgh Gage and Supply Co.*, 464 F.2d 870, 875 (3rd Cir. 1972)). Plaintiff has not alleged any conduct which would allow him to avail himself of any of the exceptions to the exhaustion requirement. In fact, desperate to avoid dismissal of his breach of contract claim, Plaintiff makes inconsistent allegations in his Opposition.

Plaintiff initially asserts in his Opposition that CCA wrongfully stated that he failed to utilize the grievance and arbitration procedures for which the CBA agreement provides. Yet, noticeably absent is any allegation that would show that he followed the procedures set forth in Article 10 of the CBA between CCA and the National Professional Corrections Employees Union ("NPCEU"). Even if he had timely filed a grievance, his breach of contract claim would be barred because CCA and the NPCEU have agreed that disputes between an employee and CCA should be resolved through arbitration.

It defies logic for Plaintiff on one hand to assert that he utilized the grievance and arbitral procedures under the CBA. Yet, at the same time alleging that he was not aware of those same rights under the CBA. Specifically, Plaintiff alleges that CCA failed to inform him of this rights as an employee by: (1) not giving him a copy of the CBA; and (2) not informing him of his rights under the CBA at the time of this employment or

termination. Document No. 9, Opposition at 3. Plaintiff provides no authority for his apparent belief that he should be excused from exhaustion of the contractual remedies because he allegedly was not aware of the grievance and arbitration procedures. To the contrary, Plaintiff's alleged ignorance of the availability of the contractual remedies does not excuse his failure to exhaust those remedies. *Cf. Nicolaisen v. Chicago and Northwestern Transp. Co.*, Civil Action No. 89-2430-V, 1991 U.S. Dist. LEXIS 16129, at *23-24 (D. Kan. Oct. 30, 1991) (stating ignorance of the availability of internal union remedies does not excuse failure to exhaust those remedies).

Nevertheless, assuming for purposes of this Motion that Plaintiff's assertions are true, the Supreme Court, as CCA previously noted, has consistently held that allegations that an employer has failed to comply with a CBA are exactly the ones over which the courts do not have jurisdiction and should not adjudicate where the parties have agreed to a private resolution. *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564 (1960) (stating "when the judiciary undertakes to determine merits of a grievance under the guise of interpreting the grievance procedure of collective bargaining agreements, it usurps a function which under that regime is entrusted to the arbitration tribunal" and finding that the lower court did not have jurisdiction to determine the merits of the claim); *see also, Local 771, Int'l Union UAW v. Ring Screw Works*, 498 U.S. 168, 1972-74 (1990) (stating "that a presumption favoring access to a judicial forum is overcome whenever the [employer and the union] have agreed upon a different method for the adjustment of their disputes."). Plaintiff, by bringing this claim and making these assertions in his Opposition, is attempting to circumvent the arbitration process by asking this Court to interpret the CBA and determine Plaintiff's rights under it. According to the

Supreme Court, this is not allowed. *United Steelworkers of Am.*, 363 U.S. at 564. Therefore, this Court does not have jurisdiction to hear Plaintiff's breach of the CBA claim and it should be dismissed.

## II.    CONCLUSION

For all of the reasons stated above, CCA respectfully requests that this Court dismiss with prejudice Counts II and IV of Plaintiff's Complaint which assert claims of retaliation and breach of contract. To the extent that Plaintiff is asserting claims of harassment and/or hostile work environment, such claims likewise should be dismissed. CCA further requests that this Court award its attorneys' fees and costs for responding to these claims.

Dated: August 13, 2007               Respectfully submitted,


                                     By: /s/ Alison N. Davis
                                        Alison N. Davis
                                        D.C. Bar No. 429700

                                        FORD & HARRISON LLP
                                        1300 19th Street, N.W., Suite 700
                                        Washington, DC  20036
                                        (202) 719-2000
                                        (202) 719-2077 (Fax)
                                        adavis@fordharrison.com

                                        Attorneys for Defendant Corrections Corporation of America.

## CERTIFICATE OF SERVICE

The undersigned, Alison N. Davis, hereby certifies that she served a copy of the foregoing **DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S REPLY MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS** to the following counsel of record via electronic court filing on August 13, 2007:

Sharon Theodore-Lewis
D.C. Bar No. 452497
Richard E. Patrick
D.C. Bar No. 396571
PATRICK HENRY LLP
5900 Princess Garden Parkway, Suite 640
Lanham, Maryland 20706
(240) 296 – 3488 – phone
(240) 296 – 3487 – fax

                                                                         s/Alison N. Davis
                                                                         Alison N. Davis

DC:67746.1