UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Wisler Marcelus  ]
5436 85th Avenue,  ]
Apt. 202  ]
New Carrollton, Maryland 20784  ]   Case: 1:07-cv-00721 (RJL)
 ]
      Plaintiff  ]
 ]
V.  ]
 ]
CCA OF TENNESSEE, INC.  ]
1901 E Street, SE  ]
Washington, DC 20003  ]
 ]
      Defendant  ]

**SECOND AMENDED COMPLAINT FOR DISCRIMINATION**

NOW COMES the plaintiff, Wisler Marcelus ("Plaintiff") and files this Second Amended Complaint for Discrimination. The Court in its Memorandum of Opinion dated March 31, 2008, granting defendant's Motion to dismiss plaintiff's claims for retaliation and breach of contract, granted plaintiff leave to file an amended complaint naming the proper defendant, CCA of Tennessee, Inc. Plaintiff filed an amended complaint on or about July 11, 2008, and mistakenly included a claim for discrimination based on race. Plaintiff's files this second amended complaint to correct that error.

INTRODUCTION

1.    The Plaintiff, Wisler Marcelus, a Black male of Haitian decent, by his attorneys, Sharon Theodore-Lewis and Richard E. Patrick, and the law firm of Patrick Henry LLP, brings this action seeking damages against Defendant CCA of

1

Tennessee, Inc. ("CCA") for committing violations of Title VII of The Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. providing for relief against discrimination based on national origin and for violations of the Age Discrimination in Employment Act of 1967 (ADEA).

    2.    Plaintiff seeks compensatory and punitive damages to redress the deprivation of rights granted to him by the laws of the United States of America. He also seeks compensatory and punitive damages, attorneys' fees and costs for violations of rights secured under the Constitution of the United States of America.

## II.  JURISDICTION

    3.    The jurisdiction of this Court over these parties and this action is invoked under 42 U.S.C. § 2000e, et seq. and 28 U.S.C. §§1331 and 1343 (4), this being an action authorized by law to redress the deprivation of a civil right.

## III.  VENUE

    4.    Venue is proper with this Court because the cause of action arose in this District.

## IV.  PARTIES

    5.    Plaintiff, Wisler Marcelus, is a permanent resident of the United States of America and a resident of the state of Maryland, residing at 5436 85th Avenue, Apt. 202, New Carrollton, Maryland 20784.

    6.    CCA is a Tennessee corporation licensed to do business in the District of Columbia. At all times, the employees of CCA mentioned herein were acting within the scope of their employment, and CCA is responsible for the actions and conduct of those employees.

## V.   ADMINISTRATIVE PROCEDURES

7.   Plaintiff has exhausted all of his administrative procedures as mandated in Title VII. Plaintiff filed a timely claim with the District of Columbia Office of Human Rights. The U.S. Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a right to sue letter, which was received by Plaintiff's on January 22, 2007.  A copy of the right to sue letter is attached as Exhibit A.

## VI.   STATEMENT OF FACTS

8.   CCA is a corporation hired by the government of the District of Columbia to manage the correctional treatment facility known as the "DC Jail." CCA hires correctional officers to oversee, supervise and provide security for the inmates of the "DC Jail."

9.   In or about May 2002, defendant, CCA, hired plaintiff as a correctional officer. Plaintiff was paid an annual salary of $34,000, plus overtime.

10.   During his employment with CCA, the plaintiff, an American citizen of Haitian decent, was called derogatory names by co-workers and supervisors. These derogatory names included, "Haiti-Man", "Voodoo Man" and statements that he did not belong there because he was from Haiti.

11.   Plaintiff made repeated requests to his supervisors and co-workers to stop the negative and derogatory comments and teasing, but to no avail.

12.   The constant derogatory teasing and harassment created a hostile work environment for plaintiff.

13.   As a result of his national origin, the plaintiff was also subjected to harassment and mental abuse, which affected the terms and conditions of his

employment.

14. On December 25, 2003, plaintiff filed an incident report against a co-worker, a fellow correctional officer, who engaged in a physical altercation with an inmate in the inmate's cell with the cell door locked.

15. On August 2, 2004, plaintiff filed an incident report against one of his supervisors, Lieutenant Rich, for requesting that plaintiff inventory the personal property of inmate Moonblatt, who was previously relocated on August 1, 2004 to another location in the "DC Jail."

16. Pursuant to CCA policy, the personal property of an inmate must be inventoried at the time the inmate is relocated. Lieutenant Rich's request to plaintiff was in violation CCA policy.

17. Plaintiff reported to work on September 3, 2004 at approximately 6:00am and relieved Correction Officer Victor Aemafule.

18. At approximately, 6:30am plaintiff checked the door to cell #12 which contained inmate Moonblatt. Plaintiff found the cell door unlocked, however, inmate Moonblatt was still in bed. Plaintiff immediately notified the Shift Supervisor, Isaac Prosise, and for security reasons, requested Shift Supervisor Prosise send a rover (a backup correctional officer) to secure the area of cellblock #12.

19. Plaintiff believed that the cell door # 12 was left open from the previous shift.

20. Plaintiff was escorting inmate Williams on the morning of September 3, 2004, when inmate Moonblatt let himself out of his cell and assaulted inmate Williams. Plaintiff called for help and received the assistance of another

4

corrections officer to subdue the inmates.

21. The rover that plaintiff previously requested was not sent until 45 minutes after the incident with inmates Williams and Moonblatt had occurred.

22. Plaintiff filed an incident report dated September 3, 2004 reporting the incident and the unlocked cellblock #12 door and the altercation between the two inmates.

23. On September 30, 2004, plaintiff was called into Warden Figuerora's office where Warden Figueroa told him that he was fired, he was ordered to turn in his identification badge and uniform to the personnel office and to leave the facility.

24. Warden Figuerora accused plaintiff of falsifying information in his September 3rd 2004, incident report regarding the incident between the inmates Williams and Moonblatt. Specifically, Warden Figuerora accused plaintiff of lying about the unlocked cell door and accused plaintiff of letting inmate Moonblatt out of his cell while escorting inmate Williams to recreation in violation of CCA Policy 10-100.

25. Plaintiff denied the allegations and denied that he was in violation of CCA policy 10-100.

26. On October 25, 2004, plaintiff received a letter dated October 12, 2004 from the CCA Human Resource Manager, informing plaintiff of the termination of his employment, effective October 11, 2004. The letter also contained Grievance forms for plaintiff's convenience.

27. CCA did not follow standard company procedure when it terminated plaintiff's employment.

28. CCA has an Employee Grievance Procedure in place, which allows

employees to file a grievance against any management action.

29.   In the case of termination, pursuant to CCA Employee Grievance Procedure, plaintiff had the option of going through Steps 1, 2 and 3 of the Grievance Procedure or skipping Steps 1 and 2 and proceeding directly to Step 3. Step 3 of the Grievance Procedure allowed plaintiff the choice of filing a grievance directly with the Divisional Director or Corporate office heading the plaintiff's division within seven (7) days of the date of the action or of discovery of the action. Saturdays and Sundays were not included in the seven (7) days.  Plaintiff filed his grievance timely, under Employee Grievance Policy 3-6.5(E) on October 25, 2007.

30.   Plaintiff filed a grievance in accordance with CCA Employee Grievance Procedures but defendant dismissed the grievance as untimely.

31.   Plaintiff was treated differently from other employees faced with similar disciplinary actions as plaintiff.

32.   Other correctional officers, specifically, Officers Derryl, Brown and McDade, who were younger than plaintiff and not of plaintiff's nationality and who were faced with similar disciplinary actions for similar violations were afforded the full grievance procedures, including meeting with the Warden, the Assistant Warden of Operations, with the Supervisor and Human Resources personnel to discuss and resolve their issues. These employees were suspended but not terminated.

33.   Plaintiff was denied the opportunity to meet with the Warden, the Assistant Warden of Operations, with the Supervisor and Human Resources personnel to discuss the disciplinary action against him.

34. Plaintiff's attempt to meet with the Warden failed when the Warden cancelled her schedule meeting with plaintiff but did not reschedule.

35. During the time of plaintiff's employment, he performed his job satisfactorily and according to his employer's expectations.

36. Under the CCA's employment rules, plaintiff was expected to work in a hostile-free work environment and be free from abuse and discriminatory conduct; however, CCA as plaintiff's employer did not secure a discrimination-free environment for the plaintiff.

37. The plaintiff was singled out for discriminatory treatment.

38. Plaintiff's termination resulted from CCA's blatant discriminatory conduct toward plaintiff.

39. As a result of CCA's unlawful acts, the Plaintiff has suffered loss of income, loss of fringe benefits and job security and other losses.

40. Also as a result of CCA's unlawful acts, the plaintiff has suffered humiliation, embarrassment, mental and emotional distress, anguish and loss of self esteem and harm to his personal and business reputation.

41. The aforesaid acts of the defendant CCA were done maliciously, willfully and with reckless disregard of the plaintiff's rights.

## VII  STATEMENT OF COUNTS

### COUNT I- DISCRIMINATION IN VIOLATION OF 42 U.S.C. SECTION 2000e Et Seq.

42. Plaintiff re-pleads and re-alleges Paragraphs 1-41 above, as if fully set forth, and in addition states that the facts as alleged above constitute discrimination, based on national origin, and disparate treatment in violation of 42 U.S.C. 2000e, et

seq. which prohibits discrimination on the basis of national origin. But for his national origin, the plaintiff would not have been subjected to discriminatory conduct or termination.

## COUNT II- AGE DISCRIMINATION

43.    Plaintiff re-pleads and re-alleges Paragraphs 1-42 above as if fully set forth, and in addition states that the facts as alleged above constitute discrimination based on age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), which prohibits discrimination on the basis of age. But for his age and national origin, the plaintiff would not have been subjected to discriminatory conduct or termination.

## VIII.    PRAYER FOR RELIEF

44.    Wherefore, Plaintiff prays for a judgment in his favor and against the defendant, and that the following relief be awarded to the plaintiff:

(a)    Issue a declaratory judgment that defendant's acts, policies and practices complained of herein violated plaintiffs rights as secured by 42 U.S.C. §2000e et seq.

(b)    Front pay and back pay.

(c)    On Count I for discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000c et seq. as amended, and 42 U.S.C. Section 1981 and 1981a, compensatory damages in the amount of $300,000; and punitive damages as awarded by the jury.

(d)    On Count II for violation of the Age Discrimination in Employment Act of 1967, punitive damages in the amount of $300,000.

## JURY TRIAL

Plaintiff hereby demands a jury trial on each and every count.

        Respectfully submitted,

        WISLER MARCELUS

        By Counsel

        PATRICK HENRY LLP


        By: __/s/Sharon Theodore-Lewis
        Sharon T-Lewis, D.C. Bar# 454297
        Richard R Patrick, D.C. Bar# 396571
        PATRICK HENRY LLP
        5900 Princess Garden Parkway
        Suite 640
        Lanham, Maryland 20706
        (240) 296-3488-Telephone
        (240) 296-3487-Facsimile
        *Counsel for Wisler Marcelus*

## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing Second Amended Complaint for Discrimination was sent to the following counsel of record via electronic court filing on July 25, 2008 and via first class mail:

        Alison N. Davis
        FORD & HARRISON LLP
        1300 19th Street, NW., Suite 700
        Washington, DC 20036

        ____/s/_Sharon Theodore_Lewis_____
        Sharon Theodore-Lewis